PATTERSON, Judge.
Salvatore J. Ricci appeals from a judgment and sentence for third degree grand theft. Two of appellant’s points have merit, and we reverse and remand for a new trial.
The state charged appellant with the third degree grand theft of a gold bracelet from a Sarasota jewelry store.. The state asserts that the value of the bracelet is in excess of $300, which is the minimum value for the theft to constitute grand theft, a felony. If the value of the bracelet is less than $300, then the offense is a misdemean- or. See § 812.014 Fla.Stat. (1987).
At trial the state introduced into evidence two pages from jewelry catalogs to show examples of bracelets similar to the one stolen. One catalog page showed a price of $600 for a similar bracelet. Appellant objected to the introduction of the catalog pages because the state did not provide them to the defense during discovery. Appellant further objected that the price shown in the catalog was hearsay.
The state also failed to provide defense with an appraisal of the bracelet which the state used at trial to refresh the store owner’s recollection of the weight and approximate value of the bracelet.
Mr. Starker, the store owner, testified that the price tag on the stolen bracelet was $325, but he admitted that he probably would have sold it to appellant for $250 if the appellant had pulled the money from his pocket. The trial judge refused to admit testimony by defense counsel’s investigator. The investigator would have testified that he went to the jewelry store and that Mr. Starker offered to sell specific items at a discount. Mr. Starker also told the investigator that everything in the shop was negotiable and that the price tag was not necessarily the selling price of the item.
*36 The state’s failure to provide appellant with the pages from the jewelry-catalogs and the appraisal which were introduced at trial are discovery violations. Fla.R.Crim.P. 3.220(a)(l)(xi). It is per se reversible error for the trial court not to hold a Richardson hearing for a discovery violation. State v. Hall, 509 So.2d 1093 (Fla.1987); Lee v. State, 538 So.2d 63 (Fla. 2d DCA 1989). Contrary to the state’s argument, the bench conferences were insufficient to meet the requirements of Richardson v. State, 246 So.2d 771 (Fla.1971). The trial judge failed to inquire as to “whether the state's discovery violation was inadvertent or willful, whether the violation was trivial or substantial, and most importantly, what effect it had on the defendant’s ability to prepare for trial.” Lee, 538 So.2d at 65. Furthermore, the price on the page from the jewelry catalog is inadmissible hearsay.
The trial court also committed error in excluding the testimony of appellant’s investigator with respect to the store owner giving discounts on merchandise. Value is “the market value of the property at the time and place of the offense.” § 812.012(9)(a) Fla.Stat. (1987). The fact that Mr. Starker offers discounts from the ticketed retail prices is relevant to the market value of the stolen bracelet, and the investigator’s testimony about discounts goes to the weight of the evidence, not its relevance. Evidence that a shop owner discounts his ticketed prices in the ordinary course of business is a factor that the trial court must allow a jury to consider when it determines the market value of a stolen item.
Reversed and remanded for new trial.
DANAHY, A.C.J., and FRANK, J., concur.